FILED
SUPERIOR COURT
OF GUAM

2019 MAY -7 PM 2: 59

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

                Plaintiff,

       v.

ERTY YERTEN,
DOB: 12/15/1971

                Defendant.

Case No. CM0411-18

**ORDER**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 02, 2019 upon submission by Defendant Erty Yerten ("Defendant") of a Motion to Suppress. The Defendant is represented by Assistant Public Defender Rocky Kingree, and the People of Guam are represented by Assistant Attorney General Peter Santos.

### BACKGROUND

On September 12, 2018 the Defendant was charged with Driving While Impaired (as a Misdemeanor). (Complaint, Sep. 12, 2018). The Public Defender Service Corporation ("PDSC") was assigned to represent the Defendant and appeared with the Defendant during his arraignment and other court appearances between October 2018 and the present. (Minute Entry, Sep. 12, 2018). The case was assigned to Judge Lamorena, who set a trial date for early April 2019. (Notice of Judge Assignment, Sep. 13, 2018); (Trial Scheduling Order, Nov. 08, 2018). The Court set a motion cut-off date for March 08, 2019. (Trial Scheduling Order). On April 02,

2019 the Defendant filed a Motion to Suppress, seeking the exclusion of all evidence against him. (Mot. Suppress, Apr. 02, 2019).

## DISCUSSION

The Criminal Procedure Rules of the Local Rules of the Superior Court of Guam require that a criminal trial scheduling order be issued by the assigned judge, detailing such things as the date for jury selection and trial, and relevant dates for any motion deadlines, hearings, and pretrial conferences. *See* CR 1.1(e). Further, the rules provide as follows with respect to any continuance requested relative to the scheduling order:

> Extensions of Time. No continuance shall be granted merely on the stipulation of the parties. If a party is unable to comply with the established schedule despite its diligence, that party shall move for a reasonable extension of time, specifically setting forth the basis for the requested extension, which shall be considered by the court in determining good cause pursuant to subsection (e) above. Such motion shall be made as soon as practicable but, in any event, not later than the date upon which the act was to have been completed.

CR 1.1(f). The rule for requiring good cause in allowing an untimely filed motion is similarly explained in 8 G.C.A. § 65.45. The section, however, imposes a more drastic sanction by stating that "[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to § 65.15, or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver." 8 G.C.A. § 65.45.

Here, the Court initially issued a Trial Scheduling Order unambiguously requiring the parties to file all motions by March 08, 2019. (Trial Scheduling Order). The Defendant has been aware of this cutoff since November 2018. *Id.* Prior to filing his Motion to Suppress, Defendant did not request to reopen the motion filing period nor has he demonstrated good cause or provided any reason on the record forming the basis for why the motion was not timely

filed before the dates set forth the scheduling order. The Court is particularly concerned with the untimeliness of this motion given that Defendant has had no changes in counsel, the Defendant has been aware of the circumstance of his traffic stop since before the filing of the Complaint, and the Defense has had ample time and opportunity to review the discovery and file this motion. (Minute Entry, Sep. 12, 2018) (Appointing PDSC).

Accordingly, the Court finds that there is no good cause as to why the Defendant's motion was filed a month after the deadline and on the eve of the originally set trial dates. Therefore, the Court will decline to hear the Defendant's motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Suppress. A pre-trial conference will be held on June 11, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 7th day of May, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: PDSC

Date: 5/7/19  Time: 3:38 PM

Deputy Clerk, Superior Court of Guam